## REED v. DARROW.

---

Possession or what is tantamount is necessary to the existence of a lien at law.

A landlord's lien, upon the goods of his tenant, is gone immediately they are removed from the demised premises. The statute which allows the former to follow them for a limited period gives no lien.

On the 1st of May, D. owed rent to R.; and removed his goods on the 5th May. The landlord, R., issued a distress warrant on the 16th May; but not being able to find the goods, filed a bill for the tenant to discover where they were and obtained a temporary injunction. Demurrer interposed; and bill dismissed, with costs.

---

*January,*
1835.

*Landlord
and Tenant.
Rent.
Lien.*

Question between landlord and tenant. The defendant, Edmund Darrow, on the first day of May one thousand eight hundred and thirty-four, owed rent to the complainant, Stephen Reed. On the fifth day of the same month, the defendant removed his goods from the store which he had hired of the complainant; and on the sixteenth of May, the complainant caused a landlord's warrant to be issued, but could not find the property. The defendant refused to tell where the goods had been deposited. A bill was now filed, setting forth the above facts, averring that the goods were somewhere in the city of New York; and praying for discovery and an injunction.

A demurrer was interposed.

Mr. *R. H. Morris,* in support of the demurrer.

Mr. *James Smith,* for the complainant.

*January 26.*    THE VICE-CHANCELLOR :—In a case like the present, the aid of this court can only be required upon the ground of a subsisting lien which cannot otherwise be enforced. The complainant's right to file this bill depends entirely upon the

question whether, as landlord, he retained a lien on the goods of the defendant after they were removed from the demised premises at the end of the term—the removal not having been a clandestine or fraudulent one?

It cannot be denied that the rent was a lien on the goods so long as they remained upon the premises: *Trappan* v. *Morie*, 18 J. R. 2; *Williams* v. *Leper*, 3 Burr, 1889; nor, that the landlord had a right to distrain. At common law, this right could only be exercised while the goods were upon the demised premises. The landlord's right to seize them, by way of distress, was gone the moment they were removed: because he had parted with his lien—possession or what is tantamount to possession being necessary to the existence of a lien at law: *Sweet* v. *Pym*, 1 East, 4; *M'Combie* v. *Davies*, 7 East, 5.

Has the statute, then, which gives to a landlord the right to follow goods and to seize them off the premises for rent within a certain time after their removal continued such lien to the landlord? I think not. Questions have frequently arisen since the 11 Geo. II, ch. 19, from which our statute is borrowed, between landlords and the assignees of bankrupts, in relation to the landlord's right to rent in preference to other creditors; and in no case—upon the equity of the statute—do I find it intimated that such right would continue after the goods were removed from the demised premises. The case of *Ex parte Plummer*, 1 Atk. 103, occurred shortly after the 11 Geo. II, was passed (which was in 1737 —8;) and Lord Hardwicke there observes that, if any goods remain on the premises, they are liable to the distress of the landlord, and he may distrain them for his entire debt, even after assignment or sale by the assignees, if the goods are not removed—thus evidently leaving it to be implied, that if the goods should be removed, the lien would be gone and the landlord left to come in equally with other creditors. It was the rule with Lord Hardwicke that, if the landlord lost his remedy by distress or neglected to use it and suffered the goods to be sold by the assignees, he could have no preference out of the proceeds over other creditors: *Anon.*; and, *Ex parte Descharmes*, 1 Atk. 102, 103. And the subsequent cases of *Ex parte Devine*, before Lord Bathurst in 1776,

1834.

REED
v.
DARROW.

reported in Cooke's Bankr. Laws, 4 ed. 176, and *Bradyll* v. *Bull*, before the Lords Commissioners and Lord Thurlow in 1785, 1 Bro. C. C. 427, appear to have established the principle that the landlord has no lien upon the goods after they are removed from the premises. I am convinced the law must be so; that the statute did not intend to continue the lien. The landlord may have the right to follow and seize the goods for a limited time without having a lien. It is an extra remedy which the statute has provided for the land-lord; but there is no declaration that the goods shall still be bound for the rent, notwithstanding removal or that the distress warrant shall bind from the time it is made out and delivered to the officer; and I consider there can be no enlargement of the right or authority of the landlord by implication. An actual seizure is necessary in order to regain the lien and control of the goods; and unless this can be done within the time prescribed by the statute, the proceeding is at an end, and the remedy by a distress warrant is entirely gone. It appears to be altogether in vain to assimilate the landlord's affidavit and warrant to a judgment and execution at law, and to ask for them the same consideration which would be due to a judicial proceeding in respect to the interference of this court, either to compel a discovery or to aid a creditor who has exhausted his legal remedy. The landlord's proceeding by warrant is not of this character. He does not, by an ineffectual attempt to obtain his money in this way, place himself in the situation of a creditor by judgment with an execution returned unsatisfied. He is still at liberty to pursue a course which will give him a judgment, and must do so before he can say his legal remedy is exhausted.

Now, is this a case for the exercise of the court's authority in order to compel a discovery of the defendant's property?

Chancery never interferes, in behalf of a creditor, before he has obtained judgment or execution at law or acquired a lien, to help him to a lien upon the debtor's property or to restrain the latter from making any disposition of his estate which he may think proper. The cases of *Wiggins* v. *Arm-*

*strong,* 2 J. C. R. 444, and *Moran* v. *Dawes,* Hopk. 365, are well founded authorities on the subject.

The bill is to compel the defendants to disclose where the goods, which were removed from the demised premises, were deposited, in order to have them seized by the distress warrant or delivered up and sold under a decree in order to satisfy the rent ; and to restrain the defendant, in the meantime, from making any sale or disposition of the goods. A preliminary injunction was granted to this effect, upon the ground of a subsisting lien under the authority of the cases of *Williams* v. *Leper,* and *Trappen* v. *Morie,* without adverting to the distinction that in both those cases the goods remained upon the premises, while, in the present suit, they have been removed.

As I am of opinion the removal took from the landlord his lien at common law, and the statute did not continue it to him, and that the issuing of the distress warrant did not of itself create a new lien upon the goods, there is no ground for sustaining the present bill.

The demurrer must be allowed, with costs.